HORTON, Respondent, vs. HORTON, Appellant.

*March 19 — April 6, 1886.*

*Pleading: Liberal construction.*

A complaint alleging that the plaintiff delivered to the defendant, for safe-keeping and collection, "*the following list of promissory notes,* to wit" (giving a description of certain notes); that the notes were worth a certain amount "at the time of said delivery;" that the plaintiff was the owner thereof "at the time of the delivery thereof to the defendant as aforesaid," etc.,— is *held* sufficiently to allege the delivery of the notes themselves and not of a mere list thereof.

APPEAL from the Circuit Court for *Waushara* County. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *R. L. D. Potter*, and for the respondent on that of *L. L. Soule*, attorney, and *Waring, Eichstaedt & Niskern*, of counsel.

Taylor, J. This action is brought by the respondent to recover of the appellant certain sums of money alleged to have been collected by the appellant for the respondent, and also for the value of certain notes and other evidences of debt delivered by respondent to the appellant for safe-keeping and collection for the respondent.

The complaint alleges "that on the 11th day of December, 1884, the plaintiff, by himself and agent, John Hart, delivered to the said defendant, *William Horton*, for safe-keeping and collecting, as fast as they matured, the following *list of promissory notes*, receipts, and moneys, to be returned to him, the said plaintiff, when called for, upon demand, as follows, to wit, [Here follows a description of fifteen notes given by different persons to the respondent, giving the amount of each note, one receipt for $20, and money to the amount of $35, and an allegation that the total amount of the notes, receipt, and money is $1,615; with accrued interest amounting to the sum of $125]; that the notes were worth the face amount thereof and accrued interest at the time of said delivery; and that he, the said plaintiff, was and is the real owner thereof, and in the possession thereof at the time of the delivery thereof to the said defendant as aforesaid."

The complaint then alleges that the plaintiff executed and delivered to the said defendant a power of attorney, with full authority to collect for him the said promissory notes, and the interest thereon, and that he is informed and believes the said defendant has collected of the said notes, in whole or in part, which he (the defendant) wrongfully withholds from the said plaintiff.

The complainant further alleges that on the 6th of May, 1855, he revoked the said power of attorney given to the defendant, and that on the 6th of May, 1885, by his agent, he demanded of the said defendant "all promissory notes, mortgages, receipts, and money, and all of the papers and things belonging to the said plaintiff and then in the possession of the defendant;" the refusal of the defendant *to deliver any of the said notes*, receipts, or money delivered to him, or money collected on said notes, except certain notes, naming them, and which amounted in all to the sum of $385. The complaint then alleges "that there is now due from the said defendant, upon the said notes, receipts, and money collected, to the said plaintiff, the sum of $1,355, which he, the said defendant, wrongfully, unlawfully, and corruptly withholds from the said plaintiff in this suit;" and then demands judgment for that amount, with interest and costs."

To this complaint the defendant demurred on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled by the circuit court, and the defendant appeals from the order overruling such demurrer to this court.

The learned counsel for the appellant insists that it is nowhere alleged in the complaint that the plaintiff ever delivered to the defendant any notes, receipts, or money for collection or otherwise, and so does not show any liability of the defendant to the plaintiff. The contention is that the complaint only alleges that a " *list of notes*," etc., was delivered to the defendant by the plaintiff, and not the notes, receipts, and money mentioned in the complaint. We think the criticism upon the language of the complaint is too refined to be sustained, when applied to a pleading under the Code, which provides that "in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to sub-

stantial justice between the parties." Sec. 2668, R. S. The allegations of the complaint clearly show that the words "list of" used in the complaint had reference to the notes, receipts, and money which it is alleged "were delivered to the defendant for safe-keeping and collecting as fast as they matured," and that it was not a mere "list of" or memorandum of such notes, etc., which was delivered to defendant. There are many other allegations in the complaint which clearly show that what was delivered to defendant was not a mere "list of" or memorandum, but the notes, etc., themselves. It is alleged that the notes, etc., when delivered, were of a certain value; that defendant had collected some of the notes, etc.; and that he returned to the plaintiff a part of those delivered to him. Were it not for the apparent good faith of the learned counsel for the appellant in undertaking to sustain his demurrer in this court, we should be inclined to think that the demurrer was put in for delay, and might have been properly stricken out as frivolous under the provisions of sec. 2681, R. S.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.